NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN W. MARKHAM,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1327

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-02049-PSH, Judge Philip S. Hadji.

---

**ON MOTION**

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

The United States moves for summary affirmance of the judgment of the United States Court of Federal Claims. John W. Markham responds and submits a motion to oppose summary affirmance. He also submits supplemental authority in support of his opposition.

In March 2025, Mr. Markham filed a complaint against the United States Department of the Army at the United States District Court for the Western District of Washington alleging he "had a federal employment contract with the Dept. of the Army as a cardiac perfusionist" that was "guaranteed for 15 years" and "illegally terminated" in 2009. *Markham v. Dept. of the Army*, No. 25-cv-5212 (W.D. Wash. Mar. 13, 2025), ECF No. 1-1 at 1. Mr. Markham's complaint asserted claims of "discrimination," "wrongful termination," "contract fraud," "theft of $27,403.00" and "defamation." *Id.* at 2. In May 2025, the district court denied his motion to proceed in forma pauperis and ordered Mr. Markham to pay required filing fees or risk dismissal. *Markham*, No. 25-cv-5212, ECF No. 10 at 3. He appealed to the United States Court of Appeals for the Ninth Circuit, which dismissed in February 2026. Mr. Markham failed to pay the required filing fees, and the district court dismissed his complaint on February 2, 2026.

In the interim, Mr. Markham filed the present action in December 2025 at the Court of Federal Claims alleging "a federal employment contract that [he] held directly with the Dept. of the Army" as "a cardiac perfusionist" that was "guaranteed for 15 years" and "illegally terminated" in 2009. ECF No. 6 at A7. The complaint indicates it "involves the following issues: 1) The theft of $27,403.00, 2) wrongful termination, 3) defamation, 4) contract fraud & 5) discrimination." *Id.* The Court of Federal Claims dismissed for lack of jurisdiction, concluding the suit was barred under 28 U.S.C. § 1500. Mr. Markham then appealed that ruling. The United States now moves for summary affirmance.

We agree that the judgment here was "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Although the Court of Federal Claims generally has review authority over breach-of-contract actions against the United States

under the Tucker Act, 28 U.S.C. § 1491, section 1500 bars its review of "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States." Here, the action was clearly pending in the Western District of Washington when Mr. Markham filed the present action at the Court of Federal Claims. And Mr. Markham does not dispute that the two actions are "based on substantially the same operative facts." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011).

Mr. Markham's opening brief and other filings present no cognizable argument that the Court of Federal Claims erred in dismissing this action. Mr. Markham asks us to ignore the significance of the district court action because it was subsequently dismissed and because the district court "never had proper jurisdiction over these matters." ECF No. 14 at 2. However, the jurisdictional determination regarding Mr. Markham's complaint before the Court of Federal Claims "depends upon the state of things at the time of the action brought" in that court. *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (citation omitted). Here, the district court action was still pending when he filed the present suit, such that the court clearly lacked jurisdiction. Mr. Markham also suggests that a different conclusion is warranted because he was a contractor, not an employee. But we fail to see how that would make a difference in the analysis here. We have considered his other arguments but find that they do not raise a substantial question regarding the outcome of this appeal. We therefore summarily affirm.[1]

---

[1]    As noted in the Court of Federal Claims's dismissal, upon completion of the other federal action, Mr. Markman "is free to file suit again in th[at] Court if the statute of limitations is no bar." ECF No. 6 at A3 (citing *United*

Accordingly,

IT IS ORDERED THAT:

(1)  The United States's motion is granted.  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  All other pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 2, 2026
    Date

---

*States v. Tohono O'Odham Nation*, 563 U.S. 307, 318 (2011)).